Dear Mr. Roche:
You have requested an opinion of the Attorney General regarding the authority, vel non, of the Firefighters' Retirement System (the "System") Board of Trustees (the "Board") to contract with an investment firm for services related to the investment of the System's Funds (the "Funds").
In answer to your question, we refer you to R.S. 11:261,et seq., which comprise the laws relating to the fiduciary and investment responsibilities applicable to the funds and plans maintained for officers and employees of the various governments within this state. R.S. 11:261 provides, in pertinent part, the following:
 "The legislature recognizes that the fiscal integrity of various governments of and within this state and the financial security of employees and citizens of these various governments require that the public retirement or pension systems, funds, and plans maintained primarily for officers and employees of the governments be maintained on a sound actuarial basis. . . . Accordingly, the purpose of this Subpart is to provide for the governing of fiduciary responsibilities and investments by public retirement or pension systems, funds, and plans."
Section 262 provides that these laws are applicable to the System. Section 263 provides with respect to theprudent-man rule for these investments, in pertinent part, as follows:
 "The prudent-man rule shall be applied by the system's, funds, and plans governed by this Subpart.
 * * *
 (C) The prudent-man rule shall require each fiduciary of a retirement system and each Board of Trustees acting collectively on behalf of each system to act with the care, skill, prudence, and diligence under the circumstances prevailing that a prudent institutional invester acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims."
Section 265 provides with respect to the compensation of investment advisers as follows:
 "Each board of trustees of the various public retirement systems, plans, or funds is hereby authorized, in requesting proposals for investment advisory services, to require that fees shall be quoted as a fixed fee, a fee based on market value of assets, or a performance fee."
It should also be noted that Section 251 authorizes the System to hire full-time in-house investment personnel.
Based on the above provisions, most notably those contained in R.S. 11:265, it is the opinion of this office that the System is authorized to request proposals for investment advisory services.
In addition, you question the authority of the Systems' Board to delegate investment decisions to these professional advisors. You cite R.S. 9:2087 which provides:
 "A trustee shall not delegate to others the doing of acts that he can reasonably be required personally to perform."
We draw your attention to the Succession of Burgess,359 So.2d 1006 (La.App. 4th Cir. 1978), rehearing denied. At issue were provisions of a last will and testament which gave investment advisors certain powers in connection with the administration of the trust. The Appellate Court noted that the law clearly provides ample authority for the retaining of professional investment advisors to assist in the management of the trust.
In addition, the Court declared invalid, testamentary provisions which required the trustee to follow the mandatory instructions of the investment advisors before taking any action with respect to the corpus of the trust. The Court considered these provisions to be an excessive delegation of authority to the advisors.
While we concur in this finding, there is no evidence in your opinion request that the System intends to completely divest itself of any and all decision-making authority with regard to the administration of the System's Funds. Assuming this to be the case, we opine that the retention of an investment advisor is not only appropriate, but reasonably necessary for the effective management of the System's Funds.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _________________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob III/cla
Date Received:
Date Released:
Robert E. Harroun, III Assistant Attorney General